# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Nicole Denise Griggs<br><br>PLAINTIFF(S)<br>v.<br>Chevron Corporation and Trancas Oil Company, Inc.<br><br>DEFENDANT(S) | CASE NUMBER<br><br>2:22-cv-00540-FLA-MARx<br><br>ORDER RE REQUEST TO PROCEED<br>*IN FORMA PAUPERIS* |

**IT IS ORDERED** that the Request to Proceed *In Forma Pauperis* is hereby GRANTED.

_____ _____
Date                                                                 United States Magistrate Judge

**IT IS RECOMMENDED** that the Request to Proceed *In Forma Pauperis* be **DENIED** for the following reason(s):

- ☐ Inadequate showing of indigency
- ☒ District Court lacks jurisdiction
- ☒ Legally and/or factually patently frivolous
- ☐ Immunity as to _____
- ☒ Other: See attachment

Comments:

January 27, 2022
Date                                                                 United States Magistrate Judge

**IT IS ORDERED** that the Request to Proceed *In Forma Pauperis* is hereby:

- ☐ GRANTED
- ☒ DENIED (see comments above). IT IS FURTHER ORDERED that:
  - ☐ Plaintiff SHALL PAY THE FILING FEES IN FULL within 30 days or this case will be dismissed.
  - ☒ This case is hereby DISMISSED immediately.
  - ☐ This case is hereby REMANDED to state court.

February 1, 2022
Date                                                                 United States District Judge

**Attachment to Form CV 73**

Plaintiff Nicole Denise Griggs ("Plaintiff"), a California resident, filed the instant pro se civil action against Defendant Chevron Corporation and Trancas Oil Company, Inc.  ECF Docket No. ("Dkt.") 1.  Plaintiff also filed a Request to Proceed In Forma Pauperis ("IFP").  Dkt. 2.

**I.
FAILURE TO STATE A CLAIM**

Because Plaintiff is seeking to proceed IFP, the court has screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.  *See, e.g.*, *Shirley v. Univ. of Idaho*, 800 F.3d 1193, 1194 (9th Cir. 2015) (citing 28 U.S.C. § 1915(e)(2) and noting that a "district court shall screen and dismiss an action filed by a plaintiff proceeding in forma pauperis"); *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").  When screening a complaint to determine whether it fails to state a claim upon which relief can be granted, courts apply Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") standard.  *See Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (applying Rule 12(b)(6) standard to 28 U.S.C. § Section 1915A); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (applying Rule 12(b)(6) standard to 28 U.S.C. § 1915(e)(2)(B)(ii)).  To survive a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Here, Plaintiff appears to attempt to sue the Chevron Corporation and Trancas Oil Company, Inc. ("Chevron") under various federal criminal statutes and regulations.  Dkt. 1 at 1 ("This action is filed under: 10 U.S. Code § 921 – Art. 121-Larceny and wrongful appropriation, 18 U.S.C. § 3571-Assault, Intentional Infliction of Emotional Distress, 25 CFR § 11.401 Recklessly endangering another person.").  However, criminal statutes do not provide a private cause of action or a basis for a civil lawsuit.  *See, e.g.*, *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (affirming the dismissal of a plaintiff's claims under 18 U.S.C. §§ 241 and 242 because they "are criminal statutes that do not give rise to civil liability").  Furthermore, Plaintiff does not actually make any allegations against Chevron.  Rather, Plaintiff's allegations appear to concern an unidentified party who attacked her at a Chevron station.  Dkt. 1 at 1–2.  Other than alleging that the incident occurred at a Chevron location, Plaintiff does not explain why Chevron would be liable for any of the harm she has suffered; for example, she does not allege that her attacker worked for Chevron, nor does she allege any other conduct by Chevron contributed to her injuries.  *Id.*  Accordingly, Plaintiff has failed to state a claim upon which relief could be granted.

/ / /
/ / /
/ / /

## II.
## **LACK OF JURISDICTION**

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and statute. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A "party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005). Under federal question jurisdiction, the district court "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Here, Plaintiff indicates federal question jurisdiction as her basis for jurisdiction. However, Plaintiff's citation to federal criminal statutes is not sufficient to demonstrate her claims arise under federal law. *See McKeague v. Matsuura*, No. 08-cv-00571-ACK-KSC, 2009 WL 89112, at *2 (D. Haw. Jan. 12, 2009). Accordingly, Plaintiff has not shown that the court has subject matter jurisdiction to hear her claims.